# RUPERTO FUENTES ET AL.
*v.*
# JOAQUIN SANTOS MALDONADO.

San Juan, Law, No. 894.

ON MOTION TO SET ASIDE VERDICT AND JUDGMENT.

Practice—Decree at Previous Term.

1. The court will not generally reopen matters settled by orders at previous terms.

Practice—Death of Defendant.

2. If a defendant was alive and aware of the proceedings at the time of a default, although he died previous to the execution of the writ of inquiry, the default will not be set aside.

Same—Writ of Inquiry against Dead Man.

3. A writ of inquiry cannot be executed if the defendant has died since the default. Ascertaining damages cannot be done by the court without action of living parties.

Opinion filed June 30, 1913.

*Messrs. N. B. K. Pettingill* and *E. B. Wilcox* for plaintiffs.

*Mr. H. R Francis* for defendant.

HAMILTON, Judge, delivered the following opinion:

This suit in ejectment was filed June 27, 1912, and defendant Joaquin Santos Maldonado was regularly served on August 23, 1912. As he failed to answer, plaintiffs on September 5th

Fuentes v. Maldonado.

moved for a judgment by default, and this was granted by the clerk in due course on September 6, 1912. The affidavits now submitted show that he was perfectly aware of the proceedings, but paid no attention to them, apparently doubting the jurisdiction of the court. Defendant Maldonado died on the 8th day of October, 1912. Afterwards, on October 18th, the cause was submitted to a jury to determine the mesne profits, and they returned a verdict of $1,000, whereupon a judgment was entered the same day. Afterwards, on October 29, 1912, on application of counsel for plaintiffs for the entry of an amended judgment *nunc pro tunc,* it was ordered by the court that the judgment of October 18th be vacated, and an amended judgment for land and damages and a writ of possession should be entered *nunc pro tunc* as of the 18th of October, 1912.

On November 30, 1912, a motion was made on behalf of the heirs of Maldonado to open the default and set aside the verdict and judgment, and, when this was submitted, it was refused. Thereupon the attorneys for the said heirs on December 11, 1912, filed a motion praying the court to reconsider its order refusing to open the case, and the cause is now submitted upon this motion.

1. The court has uniformly refused to reopen matters settled by orders of this court at previous terms. The principle is that a decision of the court has been made, and the fact that it was by a predecessor of the present incumbent makes no difference. The only exception to this rule would be if it be shown that the previous order, for any reason, is void or has done grave injustice.

2. The reason now given for reopening the case is that the defendant Maldonado died previous to the execution of what

Fuentes v. Maldonado.

is sometimes called a writ of inquiry. It is shown, however, that he was alive and fully aware of the proceedings at the time of the default in the case. There is, therefore, no reason to set aside the default.

3. The motion, however, goes further, and asks that the verdict and judgment be set aside. This presents the question of the execution of a writ of inquiry against a dead defendant, without notice to his representatives, and requires a construction of §§ 69, 140, and 232 of the Code of Civil Procedure of Porto Rico.

There is no doubt that when a submission has been made during the lifetime of the parties, the actual rendition of a decree after the death of a party will make no difference. It is a maxim, *Actus curiæ neminem gravabit*. Mitchell v. Overman, 103 U. S. 62, 26 L. ed. 369.

But it does not seem that the present case comes within this rule. Ascertaining the amount of damages is not something that can be done by the court without action of the parties; and if anything is left to be done by the parties, that must be done by living parties. If there is death, there must be revival.

It follows, therefore, that the ascertainment of damages against a dead defendant was beyond the power of the court, and to this extent the motion for reconsideration will be granted; but the original default will not be reopened.

It follows that the verdict of the jury assessing damages in this case is hereby set aside, and the plaintiffs must revive against the heirs of Joaquin Santos Maldonado before they can have their damages ascertained.

It is so ordered.